In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-020 CR


NO. 09-05-021 CR


____________________



BERTRAM CROSBY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause Nos. 24,538, 24,539






MEMORANDUM OPINION


 Bertram Crosby was convicted by a jury of three counts of aggravated sexual assault
of a child younger than fourteen years of age. See Tex. Pen. Code Ann. §
22.021(a)(1)(A)(ii), (iii), (2)(B) (Vernon Supp. 2005). Crosby was sentenced by the jury to
twenty-five years' confinement in the Texas Department of Criminal Justice, Institutional
Division, on each count, to run concurrently. Crosby appeals raising three points of error.

 In his first issue, Crosby contends the trial court erred by overruling defense counsel's
objection to the admission of the statement made by Crosby to Officer Stubblefield during
a custodial interrogation. Crosby testified on his own behalf during the punishment phase
of the trial. On cross-examination, Crosby denied the offenses for which he was charged. 
Once Crosby denied the offenses, the State recalled Officer Stubblefield for impeachment
purposes. Officer Stubblefield testified, "Basically, he [Crosby] denied that it was forced
sex. What he said was, 'I can't help the girls came on to me.'" Crosby contends evidence
of his statement was inadmissible under Article 38.22 of the Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (Vernon 2005). That article provides no oral
statement of an accused made during a custodial interrogation is admissible against the
accused in a criminal proceeding unless various requirements, including Miranda warnings,
are met. Tex. Code Crim. Proc. Ann. art. 38.22, § 3. While the State contends there were
warnings given, the State concedes not all formalities required by article 38.22 were followed
when the statement was given. However, that section will not apply to prevent introduction
of a defendant's oral, voluntary statement made while in custody when it is introduced for
the purpose of impeaching the defendant's trial testimony. Tex. Code Crim. Proc. Ann. art.
38.22, § 5 (Vernon 2005); McCoin v. State, 56 S.W.3d 609, 617 (Tex. App.--Texarkana
2001, no pet.) (citing Lykins v. State, 784 S.W.2d 32, 35-36 (Tex. Crim. App. 1989)). 
Therefore, we overrule issue one.

 Crosby next contends the trial court erred by allowing the State to attempt to impeach
the credibility of the defendant with his prior statement to Officer Stubblefield as a prior
inconsistent statement because appellant's prior statement was not inconsistent with his
testimony at trial. On cross-examination during the punishment phase of the trial, the
following exchange occurred:

 Q. You had sex with those two girls the way they described, didn't you?

 A. No, I didn't, sir.

 Q. Okay, You deny completely the offenses?

 A. Do I deny the offenses?

 Q. Yes.

 A. Yes, sir. I - 

Officer Stubblefield was thereafter recalled to testify as to Crosby's oral statement to him
wherein Crosby basically denied that it was forced sex, instead of denying outright the sexual
encounters.

 During cross-examination, when the State first questioned Crosby about giving a prior
oral statement to Officer Stubblefield, defense counsel objected to such questioning on the
basis of hearsay and improper predicate. The complaint on appeal must comport with the
objection made at trial or nothing is preserved for review. See Wheeler v. State, 79 S.W.3d
82 (Tex. App.--Beaumont 2002, no pet.). Because Crosby's argument on appeal does not
comport with his trial objections, the issue is not properly before this court. Tex. R. App. P.
33.1. Further, Officer Stubblefield's testimony was admitted without objection. The general
rule is that error regarding improperly admitted evidence is waived if that same evidence is
brought in later by the defendant or by the State without objection. See Leday v. State, 983
S.W.2d 713, 718 (Tex. Crim. App. 1998). Issue two is overruled.

 Finally, Crosby complains the trial court erred by failing to make an inquiry as to the
voluntariness of appellant's statement outside the presence of the jury and failed to make
written findings of fact and conclusions of law after defense counsel raised the issue of
voluntariness. Article 38.22, section 6, of the Texas Code of Criminal Procedure provides
that in all cases where a question as to the voluntariness of a statement of an accused, the
court must make an independent finding in the absence of the jury as to whether the
statement was made under voluntary conditions. Tex. Code Crim. Proc. Ann. art. 38.22,
§ 6 (Vernon 2005). However, that provision is not applicable unless a question is raised as
to the voluntariness of a statement. See State v. Terrazas, 4 S.W.3d 720, 725 (Tex. Crim.
App. 1999) (citing Romero v. State, 800 S.W.2d 539, 544 n. 7 (Tex. Crim. App.1990)). An
objection of improper predicate is insufficient to raise a question as to the voluntariness of
a statement. Because Crosby's argument on appeal does not comport with his trial objection,
the issue was not preserved for review.

 We affirm the judgment of the trial court.

 AFFIRMED.


 ________________________________

 CHARLES KREGER

 Justice


Submitted on July 21, 2005 

Opinion Delivered August 24, 2005

Do not publish 


Before McKeithen, C.J., Kreger, and Horton, JJ.