

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-18-00356-CR

HARVEY JAMES NEIL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 57,486-C; Honorable Charles M. Barnard, Presiding

November 22, 2019

## MEMORANDUM OPINION

Before QUINN, C.J. and PIRTLE and PARKER, JJ.

Appellant, Harvey James Neil, appeals from his jury conviction of the offense of aggravated sexual assault of a child,[1] enhanced by two prior felony convictions, and the

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1)(ii), (a)(2)(B) (West 2019). An offense under this section is a first degree felony. *Id.* at § 22.021(e).

resulting life sentence.[2]  Through two issues, Appellant challenges his conviction by arguing the trial court erred in permitting certain witness testimony.[3]  We will affirm.

BACKGROUND

Appellant was charged with "intentionally and knowingly caus[ing] the penetration of the mouth of [Jay], a child who was then and there younger than 14 years of age, by the defendant's sexual organ."[4]  Appellant pleaded not guilty to the charge and the matter was tried before a jury.

The State presented evidence to show that in April 2016, twelve-year-old Jay was at a park in Wichita Falls, Texas, with his grandfather.  Appellant, a man fifty years of age, was also there with a group of relatives, friends, and acquaintances.  Appellant and Jay wrestled together in a large sandbox.  The two then went to a restroom.  When Jay came out of the restroom, he was "crying, very angry and upset."  Jay told LaShawn Kelly that Appellant "made him suck his dick."  Appellant denied Jay's allegations and left after Kelly called police.  Marvin Eaden testified he was standing next to Kelly when Jay made this statement.  Eaden asked Jay why he was so upset, and Jay said it was because Appellant "made him suck his dick and wouldn't let him out of the bathroom until he finished."  At trial, Jay also testified to these events.

---

[2] Appellant pleaded "true" to enhancement allegations against him alleging two or more sequential felony convictions prior to the commission of the offense being tried.  As such, Appellant's offense was punishable by imprisonment for life, or any term of not more than 99 years or less than 25 years.  TEX. PENAL CODE ANN. § 12.42(d) (West 2019).

[3] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  Tex. Gov't Code Ann. § 73.001 (West 2013).  Should a conflict exist between precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  Tex. R. App. P. 41.3.

[4] At trial, the parties referred to the child complainant as "Jay." On appeal, the parties do the same.  Accordingly, we will also refer to the child as "Jay."

The following day, Jay participated in an interview at a local child advocacy center where he was then examined by a sexual assault nurse examiner. During her exam, the nurse found "petechia" in the very back part of Jay's mouth. She testified at trial, explaining that petechia is "almost like a strawberry-like appearance of red, purplish dots and it's caused from the rupture of capillaries in relation to either blunt trauma or suction or friction." In response to questioning, she agreed that petechia in this area would be consistent with forced oral sex; however, she also testified that it could be consistent with other non-criminal conduct.

Appellant and his girlfriend testified to their version of events that day. Both said Appellant went into the restroom at the park alone and remained there for a short period of time. Appellant denied the allegations and contended Jay's accusations were a "total surprise."

Following presentation of the evidence, the jury found Appellant guilty as charged in the indictment. The jury then heard punishment evidence after which it assessed punishment against Appellant at imprisonment for life.

On appeal, Appellant brings two issues for our review. First, he argues the trial court erred in permitting Eaden to testify to Jay's statements at the park because Kelly, not Eaden, was the proper outcry witness. Second, Appellant contends the trial court erred in permitting the sexual assault nurse examiner to express her opinion about the cause of the petechia in the back of Jay's throat because such testimony was outside her area of expertise and did not aid the jury in making its determination of guilt.

**ISSUE ONE—PROPER OUTCRY WITNESS**

Hearsay is inadmissible at trial except as provided by statute or by the Texas Rules of Evidence. *Sanchez v. State,* 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). When a defendant is charged with sexual offenses committed against a child under age fourteen, article 38.072 allows into evidence the complainant's out-of-court statement if that statement is a description of the offense and is offered into evidence by the first person eighteen years of age or older that the complainant told of the offense. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3) (West Supp. 2019). The victim's out-of-court statement is referred to as an "outcry" and the person the victim made the statement to is known as an "outcry witness." *Sanchez,* 354 S.W.3d at 484.

The erroneous admission of hearsay testimony under article 38.072 is non-constitutional error. *Wheeler v. State,* 79 S.W.3d 78, 84 (Tex. App.—Beaumont 2002, no pet.). On appeal, a reviewing court should disregard non-constitutional error unless that error affects substantial rights of the accused. *See* TEX. R. APP. P. 44.2(b) (providing that any error that does not affect substantial rights must be disregarded). An accused's substantial rights are considered to be affected when the error had a "substantial and injurious effect or influence in determining the jury's verdict." *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Conversely, such an error is harmless if this court is reasonably assured that the error did not influence the verdict or had but a slight effect. *Id.* Where the same or similar evidence is admitted without objection at another point in the trial, the error is harmless. *See Lane v. State*, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004); *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991). *See also Rancher v. State,* Nos. 09-13-00355-CR, 09-13-00356-CR, 2015 Tex. App. LEXIS 739, at *14-15 (Tex. App.—Beaumont Jan. 28, 2015, pet. ref'd)

4

(mem. op., not designated for publication) (holding that admission of testimony was harmless as cumulative of other evidence admitted without objection).

Here, Appellant's counsel objected to Eaden's testimony regarding Jay's statements that Appellant "made him suck his dick." He argued that Kelly, not Eaden, was the proper outcry witness and therefore, the trial court should not have permitted Eaden's testimony.

Assuming, without deciding, that the trial court erred in its decision, we find any error was harmless because both Jay and the sexual assault nurse examiner testified, without objection, to similar statements. *Lamerand v. State,* 540 S.W.3d 252, 259-60 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (finding that because the same evidence was admitted without objection at other points during the trial, any error in admitting the detective's outcry testimony was harmless).

Jay testified he was at the park that day with his grandfather. He further testified that Appellant was also there and the two wrestled in the sand area. At points during their wrestling play, Jay said Appellant touched him over his clothes "below the waist." Jay told the jury Appellant touched him with his finger and started to put his finger "up my behind." Jay then told Appellant he needed to go to the restroom. Appellant followed him. After Jay used the restroom, he started to walk out. Jay testified Appellant put his hands on his shoulders and said, "where do you think you're going?" He put Jay in front of him, forced him down on his knees, unbuttoned his own pants, and "pull[ed] out his penis." Jay said Appellant then "forced me to suck his thing." After further questioning, Jay testified that his mouth touched Appellant's penis. Jay testified that after the incident he ran outside the restroom and told Kelly what had happened.

5

He said other people were present when he told Kelly what Appellant did to him and that Eaden was one of those present.

Furthermore, the sexual assault nurse examiner read to the jury Jay's statement to her during her examination of him. Part of that statement read, "I said, well, I have to go to the restroom. [Appellant] followed me into the restroom and took out his private stuff and then forced my head to go suck it. Right after I got out of the bathroom, I went to go tell my Pawpaw's friend. I told her that man won't stop messing with me. He's messing with my private spots and stuff." Given these statements, we find error, if any, in the trial court's ruling permitting Eaden's testimony was harmless and overrule Appellant's first issue.

### ISSUE TWO—ADMISSION OF NURSE'S TESTIMONY

An appellate court reviews a trial court's ruling on the admission of evidence for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019) (citing *Rodgers v. State,* 205 S.W.3d 525, 527 (Tex. Crim. App. 2006); *Powell v. State,* 63 S.W.3d 435, 438 (Tex. Crim. App. 2001)). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Id.* (citing *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)).

Rule 702 of the Rules of Evidence states an expert may testify in the form of an opinion or otherwise "if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." TEX. R. EVID. 702. An expert may base an opinion on facts or data in the case that the expert "has been made aware of, reviewed, or personally observed." TEX. R. EVID. 703.

During trial, the court held a hearing outside the presence of the jury to determine the admissibility of the sexual assault nurse examiner's testimony as an expert under Texas Rule of Evidence 702. *See* TEX. R. EVID. 702. In the course of that hearing, Appellant's counsel asked her about her observation of petechia in Jay's mouth. He asked her twice whether she intended to tell the jury what, in her opinion, caused the petechia. Each time, she said she did not intend to do so. She agreed that "was beyond what [she] would do." The State then asked her whether she was "aware medically of what things can cause petechia?" She said she was and said it can "be caused from blunt injury. It could be caused from friction. It can be caused from a prolonged—almost a pronounced blunt contact."

Appellant argued to the court that while the sexual assault nurse examiner could testify to her observation of petechia in Jay's mouth, she was not qualified to provide an opinion as to what caused the petechia because she herself stated that was not in her expertise. The State responded, saying that her testimony related to the force and mechanism of the injury, not whether a particular item caused the petechia. As such, she was qualified to provide that testimony to the jury. The trial court permitted the testimony to be presented to the jury.

At trial, the sexual assault nurse examiner testified to her observations of petechia in Jay's throat and said "Petechia is—it's almost like a strawberry-like appearance of red, purplish dots and it's caused from the rupture of capillaries in relation to either blunt trauma or suction or friction." When asked whether the mechanism causing petechia could be determined, she said, "You can certainly say that it's consistent with a certain object." She then agreed that petechia in the area found in

7

Jay's throat was consistent with forced oral sex. She also agreed it could be consistent with other things but could not think of anything else that would be consistent with the pattern she observed. During cross-examination, the nurse agreed the petechia could be consistent with many different things.

Appellant does not argue that the sexual assault nurse examiner was not qualified to testify as an expert in this matter. Rather, he argues only that the trial court should not have admitted her testimony regarding the cause of the petechia in the back of Jay's throat. As we interpret her testimony, the trial court did not have to see her testimony as expressing an opinion about the cause of the petechia. Rather, the trial court could have viewed it as testimony of her observations and opinions on mechanisms that would be consistent with that injury. As such, that testimony was within the scope of her expertise, and accordingly, the trial court did not abuse its discretion in admitting it.

Appellant also advances the argument that the trial court should not have admitted her testimony because it did not aid the jury in its determination of guilt. As the State has noted, Appellant did not raise this complaint in the trial court below. To preserve a complaint for our review, a defendant is required to raise the complaint in the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A).

Appellant failed to bring this argument to the attention of the trial court and seek a ruling on that basis. Therefore, Appellant has not preserved this argument for our

8

review. *Pena v. State,* 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (citation omitted) (holding that "[t]o avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it'").

Accordingly, we resolve Appellant's second issue against him.

**CONCLUSION**

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Patrick A. Pirtle<br>
Justice

Do not publish.