Bobby GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 14–04–00676–CR, 14–04–00677–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 2005.

Discretionary Review Refused Dec. 14, 2005.

40.   *See* TEX.R.APP. P. 44.2(b).

Jerald Kaplan Graber, for Houston.

Amanda Joy Peters, for The State of Texas.

Panel consists of Chief Justice HEDGES and Justice FROST and Senior Chief Justice MURPHY.[1]

## OPINION

PAUL C. MURPHY, Senior Chief Justice.

Appellant, Bobby Garcia, appeals from his conviction for indecency with a child

---

1. Senior Chief Justice Paul C. Murphy sitting by assignment.

and aggravated sexual assault of a child. On appeal, appellant contends that (1) the trial court violated his right to confrontation when he was not allowed to cross-examine one of the complainants regarding a subsequent sexual abuse allegation she made against her father, and (2) the trial court erred in admitting certain testimony of the complainants' mother into evidence over a hearsay objection. We affirm.

### Background

On September 7, 2002, Adelia Cavazos went to her friend Anna Morales's house to watch a boxing match on television. Cavazos took her two daughters, V.C. (age nine) and B.C. (age ten), to the party with her. Appellant, Morales's brother, also attended the party. After the boxing match, Cavazos and several friends went to a night club. V.C. and B.C. fell asleep in Morales's bedroom, supervised by Morales's mother. V.C. awoke to appellant touching her breasts underneath her clothing and touching her clothed buttocks. B.C. awoke when appellant touched her stomach and breasts. Appellant then removed B.C.'s pants and underwear and licked her vagina. Eventually, he put B.C.'s pants back on and left the room. After appellant left, the girls called their mother to pick them up. Cavazos picked them up right away and took them home. On the way home, the girls appeared nervous but did not tell Cavazos what appellant had done to them that night.

Three weeks later, B.C. told a school counselor about the incident. The school counselor immediately called Cavazos and relayed the events to Cavazos in B.C.'s presence. B.C. and Cavazos then discussed the incident and informed the police.

On June 28, 2003, V.C. and B.C. went to Louisville, Kentucky to visit their father, Juan Castro. While in Kentucky, V.C. made an allegation to the Louisville Police Department that her father had touched her improperly on her chest. The police followed up with a report and an investigation. Castro denied the allegation, and ultimately no charges were filed against him.

Appellant was charged with indecency with a child and aggravated sexual assault of a child. Appellant pleaded not guilty. The jury found appellant guilty and assessed punishment at imprisonment for life.

### Confrontation Clause

■ In his first issue, appellant contends that the trial court erred in excluding certain evidence. At trial, appellant sought to introduce evidence that V.C. had made a false accusation of sexual abuse against her father. The trial court excluded this evidence and did not allow a cross examination of V.C. regarding this accusation.

■ The Sixth Amendment guarantees an accused in a criminal prosecution the right to confront the witnesses against him. U.S. CONST. amend. VI; *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). A criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of a witness and thereby to expose to the jury facts from which jurors could appropriately draw inferences relating to the reliability of the witness. *Olden v. Kentucky*, 488 U.S. 227, 231, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988). We weigh each Confrontation Clause issue on a case-by-case basis, taking into account the defendant's right to cross-examine and the risk factors associated with admission of the evidence. *Lopez v. State*, 18 S.W.3d 220, 222 (Tex.Crim. App.2000). The trial court has broad dis-

cretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence. *Id.*

■ Ordinarily, specific instances of a witness's misconduct may not be used to demonstrate a witness's untrustworthy nature. *Id.* at 225; Tex.R. Evid. 608(b). However, the Confrontation Clause may occasionally require admissibility of evidence that the Rules of Evidence would exclude. *Lopez,* 18 S.W.3d at 225. In determining whether evidence must be admitted under the Confrontation Clause, the trial court must balance the probative value of the testimony against the risk its admission entails. *Id.* at 222. For evidence of extraneous allegations to be admissible to impeach the credibility of the complaining witness, and thus have a probative effect, there must be a showing that the accusations were false. *Lape v. State,* 893 S.W.2d 949, 956 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd); *Hughes v. State,* 850 S.W.2d 260, 262 (Tex.App.-Fort Worth 1993, pet. ref'd).

■ Here, appellant sought to demonstrate the falsity of the subsequent allegation through the testimony of Juan Castro, who denied he sexually assaulted his daughter, as well as by the fact that no charges were filed after a police investigation. Simple denial testimony is insufficient to establish falsity because it is inherently self-serving and unreliable. *Quinn v. Haynes,* 234 F.3d 837, 850 (4th Cir.2000); *see also Karnes v. State,* No. 05-92-02719-CR, 1994 WL 67725, at *1-2 (Tex.App.-Dallas March 4, 1994) (not designated for publication) (holding the trial court did not abuse its discretion in excluding evidence where the only evidence of false accusations was the denial by the persons accused and their assertions that they were not prosecuted). Additionally, the dismissal of charges against Castro does not prove that the allegations made by V.C. were false. *See Lopez,* 18 S.W.3d at 222 (finding where charges dropped, this could simply indicate a lack of evidence to prove the allegation at that time, or an administrative decision that, despite the allegation's validity, the parties would best be served by closing the case); *see also Hughes v. Raines,* 641 F.2d 790, 792 (9th Cir.1981) (holding defendant's denial and the non-prosecution of another for a rape alleged by the same complaining witness does not demonstrate falsity).

Thus, we hold that the trial court did not abuse its discretion because the proffered evidence does not establish falsity. Without proof that the allegation against Juan Castro was false, the evidence would have had no probative value in impeaching V.C.'s testimony and would have served only to unduly prejudice and confuse the jury. *See Lopez,* 18 S.W.3d at 226. Accordingly, we overrule appellant's first point of error.

### *Hearsay Objection*

In appellant's second issue, he argues that the requirements of Texas Code of Criminal Procedure article 38.072 were not met regarding Adelia Cavazos's testimony, and therefore, the trial court erred in admitting the testimony into evidence. Adelia Cavazos testified that during the meeting in the school counselor's office, B.C. told what appellant had done to her. First, appellant argues the trial court erred in failing to hold an article 38.072 hearing outside the presence of the jury to determine if Cavazos's statement was reliable. Second, appellant argues the trial court erred in admitting Cavazos's outcry statement over appellant's hearsay objection.

■ Before outcry testimony is admissible, the Texas Code of Criminal Procedure requires a trial court to find, "in a hearing

conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement." TEX.CODE CRIM. P. ANN. art. 38.072(2)(b)(2) (Vernon Supp.2004). However, at trial, appellant's only objection to the testimony was on "hearsay" grounds. This general objection does not preserve error for review. *Lewis v. State*, 664 S.W.2d 345, 349 (Tex.Crim.App.1984) (stating that a general objection is insufficient to preserve error); *Martinez v. State*, 732 S.W.2d 401, 403 (Tex.App.-Houston [14th Dist.] 1987, no pet.) (holding that trial court's failure to hold hearing was waived because only objection was on "hearsay" grounds); *see also Cates v. State*, 72 S.W.3d 681, 698 (Tex.App.-Tyler 2001, no pet.) (finding that to preserve error with respect to a court's failure to conduct an article 38.072 hearing, the appellant must have actually requested the hearing). Here, appellant did not request a hearing, and therefore has waived any complaint regarding the lack of a hearing.

■ Appellant next argues that the trial court erred in overruling his hearsay objection because Cavazos was an improper outcry witness. An appellate court reviews a trial court's decision of whether to exclude evidence under an abuse of discretion standard. *Burden v. State*, 55 S.W.3d 608, 615 (Tex.Crim.App.2001). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Id.*

The State argues Cavazos's objected-to statements were not outcry statements. The relevant portion of the testimony follows:

Q: How were you alerted to the fact that something happened?

A: [The school counselor] called me on the phone and asked me if I could come down to the school.

Q: And when you got to the school, did you go to [the counselor's] office?

A: Yes, I did.

Q: When you got there, who was in her office?

A: B.C.

Q: Was V.C. there?

A: V.C. was outside of [the counselor's] office.

Q: Did you speak—who did you speak to first once you arrived?

A: To [the counselor].

Q: Okay. Did she tell you what had happened?

A: No. She told me that B.C. needed to tell me something very important.

Q: And did you speak to B.C.

A: Yes, I did.

Q: And without telling the jury what she said, can you describe her emotional demeanor to them?

A: She was very upset, nervous and scared. So I tried to comfort her, let her know that it's ok, whatever she needed to tell me.

Q: What was she, in fact, telling you about?

A: What Bobby Garcia [appellant] had done to her.

[DEFENSE COUNSEL]: Excuse me. I object to hearsay.

THE COURT: Overruled

Q: Go ahead and answer the question.

A: She was telling me about what Bobby Garcia had done to her and V.C.

Texas Code of Criminal Procedure article 38.072 applies "only to statements that describe the alleged offense that (1) were made by the child against whom the offense was allegedly committed; and (2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense." TEX.CODE CRIM. P. ANN. art. 38.072(2)(a).

■ The phrase "statement about the offense" means a statement that in some discernible manner describes the alleged offense. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex.Crim.App.1990). The statement must be more than words which give a general allusion that something in the area of child abuse was going on. *Id.* It is questionable whether Cavazos' statements were sufficiently descriptive to amount to more than a general allusion to sexual abuse. *See id.* (finding that where witness relayed statement by complainant that gave no specific details or any description of the alleged offenses, the statements did not amount to more than an allusion to abuse). Regardless, we find that their admission was harmless.

■ A reviewing court must deem error harmless if, after reviewing the entire record, the court is reasonably assured that the error did not influence the jury's verdict or had but a slight effect. *Josey v. State*, 97 S.W.3d 687, 698 (Tex.App.-Texarkana 2003, no pet.). Any error in admitting evidence is cured where the same evidence comes in elsewhere without objection. *See Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App.1984); *Duncan v. State*, 95 S.W.3d 669, 671–72 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd).

Appellant argues he was harmed by the error because the jury heard testimony about B.C.'s outcry from two different adults, giving it more credibility. This argument fails because Cavazos' testimony did not present the jury with any new information. *See Elder v. State*, 132 S.W.3d 20, 27–28 (Tex.App.-Fort Worth 2004, pet. ref'd) (finding that although second outcry testimony did corroborate complainant's testimony, there was no harm because it was the same or similar to virtually all other admitted evidence); *West v. State*, 121 S.W.3d 95, 105 (Tex. App.-Fort Worth 2004, pet. ref'd) (finding second outcry testimony not harmful "in light of the complainant's more detailed account of the assault"). At trial, the school counselor testified that after B.C. came to her office and told her about the incident she called B.C.'s mother. The counselor testified as follows:

Q: Did her mother respond immediately?

A: Yes. The mother came immediately to the school. We sat down, the three of us, and we talked about what happened.

Q: OK. Did you ask B.C. to tell her mother the story that she had just told you?

A: Yes, I did.

Q: Did she repeat the story?

A: Yes she did.

The school counselor's testimony was not objected to at trial. Thus, appellant has failed to show he suffered harm from the admission of Cavazos's testimony. Accordingly, we overrule his second issue.

The trial court's judgment is affirmed.