Affirmed and Opinion filed May 9, 2006









Affirmed
and Opinion filed May 9, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00808-CR

____________

 

VALENTINE LAREDO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 1014856

 



 

O P I N I O N

Appellant, Valentine Laredo, appeals from
his conviction for aggravated sexual assault of a child.  A jury found him guilty and assessed
punishment at twelve years in prison.  In
two issues, appellant contends that the trial court erred in admitting a
videotape of an interview with the complainant and the outcry testimony of the
complainant=s mother. 
We affirm.

Videotape

The parties are well-acquainted with the
facts, so we will not recount them in detail here.  We review a trial court=s rulings on the
admission of evidence under an abuse of discretion standard and will not
reverse absent a clear abuse of discretion. 
Apolinar v. State, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005).

In his first issue, appellant contends
that the trial court erred in admitting into evidence a videotape of an
interview with the complainant. 
Specifically, he argues that the complainant was not Aunavailable to
testify@ as required under
article 38.071 of the Texas Code of Criminal Procedure as a prerequisite to
admission.  Tex. Code Crim. Proc. Ann. art. 38.071.  Article 38.071 provides an exception to the
hearsay rule for recorded statements of a child younger than thirteen years old
in certain categories of cases.  Id.
'' 1, 5; Willover
v. State, 70 S.W.3d 841, 842-43 (Tex. Crim. App. 2002).  Section 1 of the article states that it
applies only when Athe court determines that a child . . .
would be unavailable to testify in the presence of the defendant about an
offense.@    Tex.
Code Crim. Proc. Ann. art. 38.071, ' 1.  Section 8 explains as follows:

(a) In making a determination of
unavailability under this article, the court shall consider relevant factors
including the relationship of the defendant to the child, the character and
duration of the alleged offense, the age, maturity, and emotional stability of
the child, and the time elapsed since the alleged offense, and whether the
child is more likely than not to be unavailable to testify because:

(1) of emotional or physical
causes, including the confrontation with the defendant;  or

(2) the child would suffer undue
psychological or physical harm through his involvement at the hearing or
proceeding.

(b) A determination of unavailability under this article
can be made after an earlier determination of availability.  A determination of availability under this
article can be made after an earlier determination of unavailability.

Id. ' 8.








The trial court held an article 38.071
hearing regarding the admissibility of the videotaped interview of the
complainant.  At the conclusion of that
hearing, the trial court found that the complainant was unavailable to testify
and the outBofBcourt statements
were generally admissible.  However, the
court further found that the statements were testimonial in nature and
appellant could not be denied his right to cross-examine the complainant.  During trial, an attempt was made to have the
complainant testify from the judge=s chambers via
closed circuit television.  After this
attempt failed to illicit any relevant testimony from the complainant, the
State offered the videotape into evidence, and the trial court admitted it over
appellant=s hearsay and confrontation objections.[1]








Appellant=s sole argument on
appeal is that the complainant was Aper se@ available to
testify because she did, in fact, testify; thus, the trial court erred in
finding that she was unavailable under article 38.071.  This characterization is inaccurate.  Section 1 of the article limits the inquiry
regarding the child=s availability to testify to Ain the presence of
the defendant.@ 
The State unsuccessfully attempted to have the complainant testify
remotely, outside of appellant=s presence.  See generally Tex. Code Crim. Proc. Ann. art. 38.071, ' 3 (authorizing
remote testimony by closed circuit television). 
Further, section 1 indicates that the relevant testimony for purposes of
determining unavailability is testimony about the offense itself.  The record reveals that the complaint
essentially refused to answer any questions about the alleged offense, either
simply not responding to the questions, stating that she did not remember what
happened, or stating that she did not want to talk about it.  Thus, contrary to appellant=s assertion, the
complainant did not in fact testify in any way relevant to the article 38.071
inquiry.  Additionally, it is clear that
unavailability under article 38.071 is not strictly a matter of physical
unavailability.  Subsection 8(a) permits
the trial judge to consider emotional factors as well as the potential
psychological harm that could result from requiring live testimony from a child
victim of abuse.  Id. ' 8(a).[2]  Also, subsection 8(b) allows a judge to
reconsider his ruling regarding availability, which he ultimately did after the
complainant refused to testify about the offense.  Id. ' 8(b).  Accordingly, the trial court did not abuse
its discretion in ruling that the complainant was unavailable to testify.  We overrule appellant=s first issue.

Outcry Statement

In his second issue, appellant contends
that the trial court erred in permitting the complainant=s mother to
testify regarding the complainant=s outcry
statement.  Specifically, appellant
asserts that the trial court failed to fulfill the requirements of article
38.072 of the Code of Criminal Procedure in that the court did not hold a
hearing on the reliability of the statements. 
Tex. Code Crim. Proc. Ann.
art. 38.072.  Article 38.072 provides
that outcry statements meeting the article=s requirements are
not inadmissible because of the hearsay rule. 
Id. ' 2(b). 
The article requires the trial court to hold a hearing regarding
reliability prior to admitting outcry testimony.  Id. ' 2(b)(2).  In order to complain about the lack of a
hearing, a defendant must preserve the issue for appeal by making an objection
in the trial court.  Tex. R. App. P. 33.1(a); Garcia v.
State, No. 14-04-00676-CR, 2005 WL 2429795, at *2 (Tex. App.CHouston [14th
Dist.] Dec. 14, 2005, no pet. h.).








Here, appellant contends that he preserved
this issue for review by making a hearsay objection during the mother=s testimony.  In Long v. State, the Court of
Criminal Appeals held that a hearsay objectionCraised immediately
before the outcry witness began to testify as to what the child told herCwas sufficient to
preserve the defendant=s complaint about the failure to hold an
article 38.072 hearing.  800 S.W.2d 545,
548 (Tex. Crim. App. 1990).  The court
reasoned that the hearsay objection adequately apprised the trial court of the
nature of the defendant=s complaint regarding the testimony.  Id.








The record in the present case, however,
reveals that appellant did not make a timely hearsay objection to the outcry
testimony.[3]  In fact, appellant made no hearsay objection
to the portions of the testimony in which the mother recounted the details of
the complainant=s outcry statement.  Appellant did object on hearsay grounds when
the mother twice attempted to describe the complainant=s demeanor; the
trial court sustained one of these objections. 
Appellant also objected on hearsay grounds when the mother testified as
to what the complainant=s grandmother had said, and the trial
court sustained this objection as well. 
But when the mother testified regarding the details of the outcry,
appellant made no objection at all. 
Accordingly, we find that he did not adequately apprise the trial court
of the nature of his complaint and, thus, did not preserve his complaint for
appellate review.  See Tex. R. App. P. 33.1(a); Long,
800 S.W.2d at 548.  We overrule appellant=s second issue.

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed May 9, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Publish C Tex. R. App. P. 47.2(b).











[1]  On appeal,
appellant does not raise confrontation objections.  See generally Crawford v. Washington,
541 U.S. 36 (2004).





[2]  In determining
that the child was unavailable, the court stated:

 

The
relationship of the defendant and the complainant, although short, was intense,
particularly for the child who expressed to several people how much she loved
him and she called him her grandpa. . . . [H]er emotional stability is
extremely fragile.  Only eight months has
elapsed since the offense. . . .  Based
on her behavior at the interview on July 31st in which she cried every time the
subject was mentioned and assumed the fetal position, refusing to answer questions,
the same type of behavior at the interview on August 1st, 2005, and her
behavior in the courtroom at the lunch break yesterday when she got off the
stand and tried to hide, and particularly based on Dr. Thompson=s testimony, I find that it is more likely than not
that this complainant would suffer undue psychological harm through her
involvement . . . at the trial.





[3]  A brief time
line of the mother=s testimony and appellant=s objections thereto follows.  Prior to trial, appellant made a motion in
limine to prevent the mother from testifying about any incidents other than the
one at issue in this case.  Nine pages
into her testimony, the mother testified that the complainant said that
appellant had touched her.  Two pages
later, the mother stated that she was the first adult that the complainant told
about the touching.  Defense counsel then
made his first objection, arguing that this testimony was conclusory in
nature.  On the next page, the prosecutor
again asked the mother whether she was the first person to talk to the
complainant and whether the complainant indicated that someone had touched
her.  The mother answered Ayes@ to both questions. 
Defense counsel then asked for a Acontinuing
objection@ that the questioning about whether the mother was the
first person the complainant talked to called for a conclusion.  A page after that, the mother stated that the
complainant answered her questions in a sad way and started to describe the
complainant=s demeanor. 
Defense counsel then made his first hearsay objection, which the trial
court sustained.  The prosecutor asked
the mother what was going through her mind when the complainant told her about
the appellant=s conduct, and the mother stated AThat everything my sister said about him was true.@  Defense
counsel objected that the testimony was nonresponsive, and the trial court
again sustained the objection.  The
mother then testified over two pages regarding the details of what the
complainant told her.  Defense counsel
made no objections.  Two pages further
on, the mother recounted a meeting between herself, the complainant, and the
complainant=s grandmother. 
Appellant objected on hearsay grounds when the mother described the
complainant=s reaction during the conversation, and when she
started to mention something that the grandmother said.  The trial court overruled the former
objection and sustained the latter. 
Seven pages later, when the prosecutor asked the mother whether the
complainant curls into a ball when appellant=s name
gets mentioned, appellant objected on relevance grounds, and the trial court
sustained the objection.  A page after
that, the mother testified that the complainant indicated that appellant had
touched the complainant=s vagina. 
Appellant objected as to leading questioning, and the trial court
overruled the objection.