Opinion filed September 4, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September 4,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00342-CV 

                                                    __________

 

                                         IN THE MATTER OF T.A.

 



 

                                        On
Appeal from the County Court at Law

 

                                                        Midland
County, Texas

 

                                                     Trial
Court Cause No. 5569

 



 

                                             M E M O R A
N D U M   O P I N I O N                    

 

This
is an appeal from a judgment adjudicating a juvenile of delinquent conduct.  Tex. Fam. Code Ann. ' 51.03 (Vernon Supp. 2007)
defines delinquent conduct as Aconduct,
other than a traffic offense, that violates a penal law of this state or of the
United States punishable by imprisonment or by confinement in jail.@   The jury found that T.A.
engaged in delinquent conduct by committing the offense of unauthorized use of
a vehicle on six separate occasions. 
Tex. Penal Code Ann. ' 31.07
(Vernon 2003).  We affirm.








In
his first issue on appeal, appellant argues that the trial court Acommitted structural error
by showing clear bias towards the State by alerting the prosecution to a
necessary trial amendment.@ 
The petition alleged six separate offenses of unauthorized use of a motor
vehicle.  One of the offenses alleged that appellant operated a ABlue Oldsmobile Cutlass,
without the effective consent of Raul Villafranco III., the owner thereof.@  At trial, Paul
Villafranco III testified that his blue Oldsmobile Cutlass was stolen from the
parking lot of the store where he worked.  Villafranco testified that the
police department misspelled his name.  The trial court stated, AYou may want to amend.  You
have it alleged as Raul.@ 
The State moved to strike the first name from the allegation.  Appellant
objected that the State should not be allowed to amend the pleading during
trial.  The trial court found that the Texas Rules of Civil Procedure allowed
the amendment.  Appellant contends that the trial court=s comment was a clear bias toward the State.

Appellant
argues that Tex. Code Crim. Proc. Ann. art. 28.10(b) (Vernon 2006) does not allow
a trial amendment to the charging instrument after the trial commences when the
defense objects.  However, Tex. Fam.
Code Ann. '
51.17 (Vernon Supp. 2007) states that the Texas Rules of Civil Procedure govern
juvenile proceedings unless otherwise provided. Tex. R. Civ. P. 66 states that during trial: 

[T]he court may
allow the pleadings to be amended and shall do so freely when the presentation
of the merits of the action will be subserved thereby and the objecting party
fails to satisfy the court that the allowance of such amendment would prejudice
him in maintaining his . . . defense upon the merits. 

 

The strict
prohibition against amendment of pleadings in criminal cases is not applicable
in juvenile proceedings.  See Carrillo v. State, 480 S.W.2d 612, 615
(Tex. 1972); In re G.A.T., 16 S.W.3d 818, 823 (Tex. App.CHouston [14th Dist.] 2000,
pet. den=d).  The
State may only amend its petition at Asuch
time, and under such circumstances, as to be basically fair to the minor.@  Carrillo, 480
S.W.2d at 615; In re G.A.T., 16 S.W.3d at 823.  Allowing the State to
amend the pleading to correct the misspelling of the victim=s name did not prejudice
appellant and was not unfair to appellant.








Parties
have a right to a fair and impartial trial.  Markowitz v. Markowitz, 118
S.W.3d 82, 86 (Tex. App.CHouston
[14th Dist.] 2003, pet. den=d);
Metzger v. Sebek, 892 S.W.2d 20, 37 (Tex. App.CHouston [1st Dist.] 1994, writ denied).  One
of the fundamental components of a fair trial is a neutral and detached judge. Ward
v. Village of Monroeville, 409 U.S. 57, 62 (1972); Markowitz, 118
S.W.3d at 86.  A judge should act as neither an advocate nor as an adversary
for any party.  Markowitz, 118 S.W.3d at 86.  ATo reverse a judgment on the ground of
improper conduct or comments of the judge, we must find (1) that judicial
impropriety was in fact committed and (2) probable prejudice to the
complaining party.@  Id. 
The trial court noted a typographical error in the pleadings and allowed the
State to amend the pleadings as permitted by Rule 66.  Appellant has not shown
that the trial court was biased toward the State.  Appellant=s first issue on appeal is
overruled.

Appellant
complains in his second issue on appeal that the trial court erred in admitting
the social history report and in allowing testimony from the report.  During
the disposition hearing, the State introduced appellant=s social history report.  Over objection, Jeff
Waugh, with Midland County Juvenile Probation, testified about his interview
with appellant.  Appellant specifically complains of the information in the
report and the testimony at the disposition hearing concerning appellant=s drug and marihuana use,
appellant=s
involvement in a gang, and appellant running away from home.  Appellant
contends that the information was obtained in an Ainterrogation-like
setting without giving [a]ppellant Miranda warnings.@[1]


Appellant
relies on In re J.S.S., which states that Aa
juvenile must be afforded his Fifth Amendment privilege against self‑incrimination
from the conclusion of the adjudication hearing through the conclusion of the
disposition hearing.@ 
In re J.S.S., 20 S.W.3d 837, 844 (Tex. App.C El Paso 2000, pet. den=d).  In J.S.S., the court found that
the Fifth Amendment applied to the juvenile=s
predisposition interview.  Id. at 846.  The court found that the
interview Aexceeded
any arguably neutral purposes when [the probation officer] questioned [the
juvenile] about the facts of the primary offense and the two extraneous
offenses.@  Id. 
The two extraneous offenses were the same as the offense that was the subject
of the adjudication hearing.  Id. at 839-40.  The juvenile court judge
specifically stated that, in deciding to place the juvenile in T.Y.C., he took
into account that the juvenile had committed the same offense on two prior
occasions.  Id. at 840. The court further noted that its opinion Ashould not be read as
holding that the Fifth Amendment applies to all predisposition interviews
because the facts in a given case may show that the interview served more
neutral purposes, and therefore, did not implicate the juvenile=s Fifth Amendment rights.@  Id. at
864 n.7.








The
record does not show that the community supervision officer questioned
appellant about the specific facts of the alleged offenses.   The State
questioned the community supervision officer about appellant=s use of drugs or alcohol
in reference to treatment or counseling appellant had received.  There is
nothing in the record to suggest the trial court considered any extraneous
offense in determining appellant=s
disposition.  We find that appellant=s
Fifth Amendment rights were not implicated in the predisposition interview. 
The interview served a neutral purpose in determining an appropriate
disposition for appellant.  Appellant=s
second issue on appeal is overruled.

Appellant
argues in his third issue that the trial court erred by refusing to allow him
to question the prior criminal record of a witness for the State.   The Sixth
Amendment guarantees an accused in a criminal prosecution the right to confront
the witnesses against him.  U.S. Const.
amend. VI; Davis v. Alaska, 415 U.S. 308, 315 (1974).  A  defendant
states a violation of the confrontation clause by showing that he was
prohibited from engaging in otherwise appropriate cross‑examination
designed to show a bias on the part of a witness and thereby to expose to the
jury facts from which jurors could appropriately draw inferences relating to
the reliability of the witness.   Olden v. Kentucky, 488 U.S. 227, 231
(1988).  We weigh each confrontation clause issue on a case‑by‑case
basis, taking into account the defendant=s
right to cross‑examine and the risk factors associated with admission of
the evidence.  Garcia v. State, 228 S.W.3d 703, 705 (Tex. App.CHouston [14th Dist.] 2005,
pet. ref=d).  The
trial court has broad discretion to impose reasonable limits on cross‑examination
to avoid harassment, prejudice, confusion of the issues, endangering the
witness, and the injection of cumulative or collateral evidence.  Id. 
Montrice Chatman testified at trial that appellant picked her up at her
apartment in a light blue car.  Appellant and Chatman rode around in the car
and went to several friends=
houses.  Appellant told Chatman to wipe her fingerprints off the car.  When
appellant took Chatman home, he parked at a different apartment complex and
walked with Chatman to her apartment complex.  Appellant then asked Chatman to
hold the keys to the car.  The following day at school, Chatman gave the keys
to a teacher.  The police arrived at the school, and Chatman went with the
police to show them the location of the car.  








On
cross-examination, appellant asked if Chatman was on probation when she gave a
statement to police.  The State objected that the information was privileged
because Chatman was a juvenile.  The trial court instructed the jury to
disregard any suggestion that Chatman was on probation.  Appellant argues that,
pursuant to Davis, the right to effectively cross-examine the witness
does not yield to the policy interest in protecting the confidentiality of a
juvenile=s record. 

In
Davis, the Court found that the State=s
interest in the confidentiality of juvenile proceedings was outweighed by the
criminal defendant=s
right to cross‑examine a juvenile witness about the effect of
probationary status on his testimony.  The trial court=s effort to limit the scope of this cross‑examination
concerning a witness=s
juvenile record violated the Sixth Amendment.  Davis, 415 U.S. at 320. 
Therefore, the trial court erred in refusing to allow appellant to question
Chatman about her probationary status.      

As
with other constitutional errors, a violation of the confrontation clause is
subject to harmless error analysis.    Delaware v. Van Arsdall, 475 U.S.
673, 684 (1986); Shelby v. State, 819 S.W.2d 544, 546 (Tex. Crim. App.
1991).  In Van Arsdall, the Court set forth factors to consider in
determining whether the error was harmless including:  (1) the importance of
the witness=s
testimony in the prosecution=s
case; (2) whether the testimony was cumulative; (3) the presence or absence of
evidence corroborating or contradicting the testimony of the witness on
material points; (4) the extent of cross‑examination otherwise permitted;
and (5) the overall strength of the prosecution=s
case.  Van Arsdall, 475 U.S. at 684.  

Appellant
questioned Chatman on cross-examination about her statement to police and also
about the penalty she faced in being charged with a State jail felony. 
Appellant was alleged to have committed six different counts of unauthorized
use of a motor vehicle.  The State presented strong evidence that appellant
engaged in delinquent conduct.  The trial court=s
error in refusing to allow appellant to cross-examine Chatman about being on
community supervision was harmless beyond a reasonable doubt.  Tex. R. App. P. 44.2(a).  Appellant=s third issue on appeal is
overruled. 

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

September 4,
2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]Miranda v. Arizona, 384 U.S. 436 (1966).