# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 5, 2011

Ms. Cheryln K. Townsend
Executive Director
Texas Youth Commission
Post Office Box 4260
Austin, Texas 78765

Opinion No. GA-0860

Re: Information that must be provided by the Texas Youth Commission to an independent school district pursuant to article 15.27, Code of Criminal Procedure (RQ-0933-GA)

Dear Ms. Townsend:

You ask a series of questions regarding the information that must be provided by the Texas Youth Commission (the "TYC") to an independent school district pursuant to article 15.27 of the Code of Criminal Procedure.[1]

You pose a scenario in which an individual who is currently on parole from the TYC has newly enrolled in a school district. Request Letter at 1. Subsection (c) of article 15.27 requires the TYC, "within 24 hours of learning of the student's transfer or reenrollment [to] notify the [school district's] superintendent . . . of the arrest or referral in a manner similar to that provided for by Subsection (a) or (e)(1),[2] or of the conviction or delinquent adjudication in a manner similar to that provided for by Subsection (b) or (e)(2)."[3] TEX. CODE CRIM. PROC. ANN. art. 15.27(c) (West Supp. 2010).

By its terms, subsection (c) incorporates subsections (a) and (b). Subsection (a) requires the TYC to "orally notify the superintendent . . . within 24 hours after the arrest or referral is made, or on the next school day." *Id.* art. 15.27(a). Then, "[w]ithin seven days after the date the oral notice is given," the TYC is instructed to "mail written notification" to the superintendent or his designee. *Id.* Subsection (a) directs that "[b]oth the oral and written notice shall contain sufficient details of

---

[1]*See* Letter from Ms. Cheryln K. Townsend, Executive Director, Texas Youth Commission, to Honorable Greg Abbott, Attorney General of Texas at 1–5 (Nov. 22, 2010), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]Subsection (a) refers to public schools, and subsection (e)(1) refers to private schools. *See* TEX. CODE CRIM. PROC. ANN. art. 15.27(a), (e)(1) (West Supp. 2010). We limit our discussion here to subsection (a).

[3]Subsection (b) refers to public schools, and subsection (e)(2) refers to private schools. *See id.* art. 15.27(b), (e)(2). We limit our discussion here to subsection (b).

the arrest or referral and the acts allegedly committed by the student to enable the superintendent or the superintendent's designee to determine whether there is a reasonable belief that the student has engaged in conduct defined as a felony offense by the Penal Code." *Id.* In a 1994 opinion, this office construed this provision to mean to require notice of

> the nature of the charges against an arrested or detained student, the identities of any alleged victims who are students or school personnel, and all other information about the arrest or detention of a student that will enable the school official to take appropriate action to prevent violence, protect students and school personnel, and further educational purposes.

Tex. Att'y Gen. Op. No. DM-294 (1994) at 5.

While subsection (a) specifies the type of information that the TYC must furnish to a school district superintendent in the event of a parolee's *arrest*, subsection (b) describes the information that must be provided of a parolee's *conviction* of an offense, or when prosecution is deferred, or when the parolee is placed on deferred adjudication, or adjudged guilty of delinquent conduct.[4] *See* TEX. CODE CRIM. PROC. ANN. art. 15.27(b) (West Supp. 2010). Subsection (b), like subsection (a), requires the TYC to furnish "[o]ral notification" to the superintendent "within 24 hours of the time of the order or on the next school day." *Id.* Within seven days after providing oral notice, the TYC must "mail written notice, which must contain a statement of the offense of which the individual is convicted or on which the adjudication, deferred adjudication, or deferred prosecution is grounded and a statement of whether the student is required to register as a sex offender under Chapter 62." *Id.* With this background in mind, we turn to your specific questions regarding the TYC's obligations under subsection (b).

You first ask what constitutes a "statement of [the] offense" in subsection (b) and whether "stating the name of the crime alone [is] sufficient as a 'statement of offense.'" Request Letter at 5. The term "statement of offense" is not defined in article 15.27 or elsewhere in statutes or judicial opinions. But a closely related phrase, "statement about the offense," has been the subject of Texas appellate opinions. A 2005 case involving the meaning of the term for purposes of a conviction for aggravated child abuse declared that "[t]he phrase 'statement about the offense' means a statement that in some discernible manner describes the alleged offense. The statement must be more than words which give a general allusion that something in the area of child abuse was going on." *Garcia v. State*, 228 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990)). *Accord Thomas v. State*, 1

---

[4]Under article 15.27, conviction or deferred adjudication is applicable to "any felony offense"; to any misdemeanor that is an offense under sections 20.02, 21.08, 22.01, 22.05, 22.07, or 71.02 of the Penal Code; to "the unlawful use, sale, or possession of a controlled substance, drug paraphernalia, or marihuana, as defined by Chapter 481, Health and Safety Code"; and to "the unlawful possession of any of the weapons or devices listed in Sections 46.01(1)-(14) or (16), Penal Code, or a weapon listed as a prohibited weapon under Section 46.05, Penal Code." *Id.* art. 15.27(h).

S.W.3d 138, 140–41 (Tex. App.—Texarkana 1999, pet. ref'd).[5] We conclude that a "statement of the offense" for purposes of article 15.27 of the Code of Criminal Procedure is a statement that in some discernible manner describes the offense. It includes relevant information about the offense and not merely the conduct charged in the indictment.

You next ask whether requests by a school district for additional information, such as the kind of information that is the subject of subsection (a), are beyond the scope of article 15.27(b). Request Letter at 5. They are. Subsection (b), which prescribes the form of information that the TYC must provide by virtue of subsection (c), does not require the TYC to furnish any information beyond that which is described in its language, i.e., the statement of offense as we have construed it, together with a statement of whether the student is required to register as a sex offender.

Finally, you inquire whether Attorney General Opinion DM-294 is applicable to the adjudication notice described by article 15.27(b). *See id.* It is not. That opinion looked only at the "arrest" language of subsection (b)'s predecessor, and thus addresses information that a law enforcement agency must provide to a school regarding the arrest of a student and the circumstances of the arrest. The opinion neither refers to, nor has any bearing on, the requirements applicable to conviction or adjudication notices under article 15.27(b). *See* Tex. Att'y Gen. Op. No. DM-294 (1994).

---

[5]The word "statement" is defined, inter alia, as "[a] formal and exact presentation of facts." BLACK'S LAW DICTIONARY 1539 (9th ed. 2009). The word "offense," under federal sentencing guidelines, "includes any relevant conduct and not just the conduct charged in the indictment[,]" *United States v. Moore*, 997 F.2d 30, 34 (5th Cir. 1993), while the United States Supreme Court has recognized that "the definition of an 'offense' is not necessarily limited to the four corners of a charging instrument." *Texas v. Cobb*, 532 U.S. 162, 173 (2001).

## S U M M A R Y

The Texas Youth Commission (the "TYC") is required by article 15.27, Code of Criminal Procedure, to provide a "statement of the offense," both orally and in writing, when one of its parolees who enrolls in a school district in which he was not previously enrolled is convicted or otherwise adjudicated. A "statement of the offense" for purposes of article 15.27 of the Code of Criminal Procedure is a statement that in some discernible manner describes the offense. It includes relevant information about the offense and not merely the conduct charged in the indictment. The TYC is not required to furnish additional information beyond that described in article 15.27(b). Attorney General Opinion DM-294 (1994) is applicable to arrest information but not to the conviction notice required by article 15.27(b).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee