

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00015-CR

Fernando Guadalupe **SALAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2010CRS000775D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  March 20, 2013

AFFIRMED

Fernando Guadalupe Salas was charged with two counts of aggravated sexual assault of a child and six counts of indecency with a child. A jury convicted Salas of one count of aggravated sexual assault of a child and one count of indecency with a child. Salas raises three issues on appeal, asserting: (1) the trial court abused its discretion in permitting an outcry witness to testify; (2) the trial court erred in overruling Salas's objection to the admission of testimony regarding his refusal to make a written statement during a police interview; and (3) trial counsel

rendered ineffective assistance of counsel. We overrule Salas's issues and affirm the trial court's judgment.

## OUTCRY TESTIMONY

In his first issue, Salas asserts the trial court abused its discretion in permitting the State to present outcry witness testimony. Specifically, Salas contends the State failed to give the requisite notice of its intent to offer outcry testimony and the trial court failed to conduct a hearing outside the presence of the jury to determine whether the outcry statement was reliable. Salas asserts prior notice and a hearing are required by Article 38.072 of the Texas Code of Criminal Procedure.

A.     Testimony and Objections

The complainant in the instant case, "Krystal,[1]" was eighteen-years-old at the time of trial. She testified that Salas began sexually abusing her when she was around six or seven years old. She testified that she told a school counselor, Ms. Selina Moncivais, about the abuse when she was in tenth grade because she did not want her little sisters to also be abused.

Before Moncivais was called as a witness, defense counsel requested permission to question her on voir dire regarding her capacity to be a witness. The prosecutor responded that Moncivais was the outcry witness. The prosecutor agreed that he could not elicit "what the child told her," but the prosecutor argued that he could elicit Moncivais's testimony regarding the circumstances of when Krystal spoke with Moncivais. Defense counsel responded that because no outcry witness was designated, Moncivais's testimony would constitute "improper bolstering of the victim." The prosecutor responded that he only intended to question Moncivais about Krystal approaching her for counseling not regarding the statements Krystal made. Defense counsel responded that the testimony would imply that Moncivais was told about the allegations,

---

[1] "Krystal" was an alias given to the complainant.

making her an outcry witness and her testimony improper bolstering of the witness. The trial court then clarified, as follows:

> THE COURT: But what — so your objection is improper bolstering?
> [DEFENSE COUNSEL]: Improper bolstering.
> THE COURT: Overruled.

Moncivais then testified about the events leading to her counseling of Krystal and stated that Krystal made an outcry to her. Moncivais testified that she then counseled Krystal and reported the outcry to the proper authorities.

Defense counsel again objected that Moncivais was being called to "fill the role of an outcry witness," but the State did not designate her as an outcry witness. Although further discussion ensued regarding the testimony, the trial court made no ruling on defense counsel's objection. Instead, the trial court asked the prosecutor about his next line of questioning. When the prosecutor stated his next line of questioning would be demeanor, the trial court instructed the prosecutor to "[m]ove on then to that area then."

During cross-examination, Moncivais again referred to Krystal making an outcry. Defense counsel objected and requested the trial court to instruct the jury "not to assume that the outcry has anything to do with any sexual allegations, and to disregard the statement that an outcry was made." At this juncture, defense counsel made his first reference to the testimony being hearsay. The trial court reminded defense counsel, "Your objection was bolstering, which was overruled." Further discussion then ensued regarding whether Moncivais's reference to an outcry being made was hearsay and whether Moncivais was an improper outcry witness.

B. Preservation of Error and Harm

"To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection 'stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the

complaint, unless the specific grounds were apparent from the context.'" *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (quoting TEX. R. APP. P. 33.1(a)(1)(A)). In addition, the issue raised on appeal "must comport with the objection made at trial." *Id*. Finally, a party must object each time the inadmissible evidence is offered. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). "An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Id*.

In this case, the objection defense counsel made before Moncivais's testimony, as clarified by the trial court, was improper bolstering. This objection does not comport with the complaint made on appeal regarding the failure to comply with Article 38.072's requirements; therefore, it is not preserved for our review. *Clark*, 365 S.W.3d at 339.

Even assuming for purposes of this opinion defense counsel preserved his complaint that the State failed to provide the notice required by Article 38.072 with regard to Moncivais's testimony,[2] Salas concedes that the record would need to establish he was harmed by the admission of Moncivais's testimony stating Krystal made an outcry to her. This testimony, however, was previously admitted into evidence through the testimony of the investigating detective who testified he made contact with Moncivais concerning what Krystal disclosed to her about the abuse and reference was made to Moncivais being the "outcry witness" during the detective's questioning. Moreover, as previously noted, Krystal testified she reported the abuse to Moncivais. Because the same evidence about which Salas complains was admitted elsewhere without objection, any error in admitting Moncivais's testimony was cured. *See Valle*, 109

---

[2]The State argues in its brief that Article 38.072 did not apply in the instant case because Krystal was over the age of fourteen when she made her outcry. As one of our sister courts has recognized, however, 'the victim's age when the offense is committed triggers whether the statute applies, not the victim's age at the time the outcry is made." *Lopez v. State*, 315 S.W.3d 90, 97 n.6 (Tex. App.—Houston [1st Dist.] 2010), *rev'd on other grounds*, 343 S.W.3d 137 (Tex. Crim. App. 2011). Therefore, the statute appears to apply when the victim is younger than 14 years of age when the offense is committed and the victim makes the outcry before his or her 18th birthday. *See id*; *see also Harvey v. State*, 123 S.W.3d 623, 629 (Tex. App.—Texarkana 2003, pet. ref'd).

S.W.3d at 109.  Finally, given the detail provided in Krystal's testimony, it would be difficult to conclude that Moncivais's mere reference to Krystal making an outcry affected Salas's substantial rights.  *See* TEX. R. APP. P. 44.2(b) (providing that any non-constitutional error that does not affect substantial rights must be disregarded); *see also Garcia v. State*, 228 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding improper admission of evidence that proved same facts as testimony of victim did not affect the defendant's substantial rights); *Dunn v. State*, 125 S.W.3d 610, 615 (Tex. App.—Texarkana 2003, no pet.) (same).

Salas's first issue is overruled.

## PRIVILEGE AGAINST SELF-INCRIMINATION

In Salas's second issue, he asserts the trial court erred in allowing the investigating detective to testify that Salas did not make a written statement when he was interviewed.  Salas contends the admission of the testimony violated his privilege against self-incrimination.

As previously noted, a party must object each time inadmissible evidence is offered. *Valle*, 109 S.W.3d at 509.  When the prosecutor in the instant case first asked the investigating detective whether Salas gave him a written statement, defense counsel objected on the basis that the question was an improper comment on Salas's right to remain silent, and the trial court overruled the objection.  However, after this objection was overruled, the prosecutor then questioned the investigating detective at length about each of the written *Miranda* warnings initialed and signed by Salas.  At the conclusion of this questioning, the prosecutor asked:

> Q.     Now, after he was advised of his Miranda warnings, he did not make a statement?
> A.     Correct.  He did not make a written statement.

No objection was made to this testimony; accordingly, Salas's second issue is not preserved for our review.  *See id.*

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his final issue, Salas contends trial counsel rendered ineffective assistance of counsel. Ineffective assistance of counsel claims require a showing of both deficient performance and prejudice. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). There is a strong presumption that trial counsel's conduct fell within the wide range of professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An ineffective assistance claim must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813. "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Goodspeed*, 187 S.W.3d at 392. "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002).

On appeal, Salas argues that defense counsel requested a continuance to employ co-counsel because she was not competent to try the case. Salas's contention is not, however, supported by the record. Instead, the motion for continuance states the intention to retain additional counsel to serve as co-counsel was "in order to defend against the vast resources from the state," thus implying that the "vast resources" being employed by the State required more than one attorney to respond.

Salas next asserts defense counsel rested without presenting any kind of a defense; however, Salas further argues defense counsel's efforts to discredit Krystal's testimony were ineffective. In noting that defense counsel was attempting to discredit Krystal's testimony, Salas contradicts his own assertion that defense counsel failed to present any kind of defense. As Salas

appears to acknowledge, defense counsel's strategy was to discredit the complainant. We note that the jury acquitted Salas of six of the eight counts with which he was charged.

With regard to Salas failing to object to the testimony that he was very strict with Krystal and her siblings, requiring them to clean the house and never allowing them to have fun, defense counsel may have decided not to object because this testimony would provide a motivation for Krystal to make the allegations against Salas. Salas also contends counsel failed to object to Dr. Gregorio Piña's testimony regarding Krystal knowing "right from wrong." However, Krystal herself previously testified that she knew the truth from a lie, and defense counsel may have determined that an objection, even if sustained, would not be helpful because it could place undue emphasis on the testimony. Moreover, defense counsel may have decided not to object to Dr. Piña's statements regarding the approximate number of times and manner in which Krystal reported to him that Salas had sexually assaulted her in order to focus the jury's attention on the discrepancies between these statements and Krystal's trial testimony.

With regard to defense counsel's failure to introduce additional mitigation evidence at punishment, Salas filed a motion for new trial, attaching affidavits from three witnesses who would have been willing to testify in Salas's favor during the punishment phase of trial. The record reflects defense counsel interviewed the witnesses but then apparently made a decision not to call them as witnesses at trial. After interviewing the witnesses, defense counsel may have thought they would not be credible or would open the door to additional questioning on cross-examination that would be harmful to Salas.

Finally, Salas alleges defense counsel never discussed with him whether he should testify at the guilt/innocence phase of trial. As with all of Salas's other ineffective assistance of counsel allegations, this allegation is not firmly founded in the record because defense counsel was not called to testify at the hearing on Salas's motion for new trial. Accordingly, the record is silent

regarding defense counsel's discussions with Salas and defense counsel's strategy. Although we have posited some possible reasons for defense counsel's actions, "[a] reviewing court cannot speculate as to the reasons why trial counsel acted as he did, rather a reviewing court must presume the actions were taken as part of a strategic plan for representing the client." *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd); *see also Lopez*, 343 S.W.3d at 143–44 (reversing intermediate court's holding that trial counsel rendered ineffective assistance where record was silent). Because the record does not affirmatively demonstrate the alleged ineffective assistance, we overrule Salas's third issue. We note, however, that our decision does not preclude Salas from presenting his ineffective assistance of counsel claim in an application for writ of habeas corpus. *See Thompson*, 9 S.W.3d at 814–15.

## CONCLUSION

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH