**Opinion issued June 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00532-CR

————————————

**ROMELO HERNANDEZ DIAZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1453096**

---

## MEMORANDUM OPINION

A jury convicted appellant Romelo Hernandez Diaz of indecency with a child. *See* TEX. PENAL CODE § 21.11. Diaz admitted to two prior felony convictions, resulting in an enhanced punishment. The jury assessed punishment at 40 years in prison and a $10,000 fine. Diaz appealed and asserts two issues: (1) the

evidence was legally insufficient on the issue of identity and (2) the trial court erred by admitting testimony from a witness without holding a reliability hearing under article 38.072 of the Code of Criminal Procedure.

Finding no reversible error, we affirm.

## Background

When the complainant was ten years old, appellant Romelo Diaz was dating her grandmother. The complainant and her sister frequently would visit and sleep in their grandmother's living room. One night, the complainant's mother planned to have the grandmother keep the kids overnight, but the grandmother refused. The complainant started to cry, saying that she knew why the grandmother did not want them to stay at her home. After her mother questioned her, the complainant stated that Diaz touched her "down there."

The mother drove to the grandmother's house and called the police. Deputy T. Garza arrived and interviewed the complainant in his patrol car. The complainant disclosed to Deputy Garza two separate occasions when Diaz had touched her genitals. The complainant subsequently went to the Children's Assessment Center for a forensic interview, where she described the same events in detail.

The first incident occurred when the complainant was asleep in her grandmother's home. The complainant said that she woke to feel someone

touching her vagina. The complainant could "kind of see his hair" and could smell alcohol on his breath, but it was too dark to see his face. The complainant said that Diaz kissed her forehead and left, but then returned to the room, took her hand and slid it down his shorts, and "asked . . . what it felt like."

The second incident happened when the complainant fell asleep while watching television. She woke up to Diaz touching her breasts and vagina. Because the television was on, the complainant was able to see Diaz's face when this happened.

At trial, Deputy Garza testified as the outcry witness under Code of Criminal Procedure Article 38.072. Deputy Garza recounted what the complainant had told him, and he described her demeanor during the interview. Diaz's counsel did not object to Deputy Garza's testimony or his status as the outcry witness.

After Deputy Garza testified, the State elicited testimony from the forensic interviewer from the Children's Assessment Center. Before the forensic interviewer took the stand, Diaz's counsel made the following objection:

> Diaz: I believe that the testimony that would come from [the interviewer] would be an outcry witness, yet this witness has just testified to the outcry meeting all the statutory requirements as questioned by Ms. Burton. So in essence I would ask this witness not be allowed to testify since we've already had the outcry witness.

> State: I don't want to offer any outcry statement from her.

Court:        That objection's overruled.

The forensic interviewer proceeded to discuss the interview process and methodology. The prosecutor asked the interviewer several questions about what the complainant had told her, and how she reacted to the interview process. The State introduced two photographs of the complainant taken during the interview process when she was pointing to parts of her body. The interviewer stated that these were taken while the complainant was describing where Diaz had touched her. Diaz's counsel did not object to this testimony or to the introduction of the photographs.

The complainant testified about each incident that she previously had recounted to Deputy Garza and the forensic examiner. The complainant also testified that Diaz would frequently give her gifts after abusing her, and at least once he told her to "shush" after giving her some money.

The jury found Diaz guilty of indecency with a child, and it assessed punishment at 40 years in prison and a $10,000 fine. Diaz appealed.

**Analysis**

I.   **Sufficiency of the evidence**

In his first issue, Diaz argues that the evidence was insufficient to convict him because no reasonable jury could have found beyond a reasonable doubt that his identity was proved by the evidence. Diaz admits that the complainant's

testimony was sufficient to show that someone had indecent contact with her. However, he asserts that the essential element of identity was uncertain because both incidents took place in the dark and the complainant could not properly identify him.

We determine the sufficiency of evidence to support a criminal conviction by a legal-sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). When evaluating the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This standard is the same for cases supported by either direct or circumstantial evidence. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013).

We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *See Merritt*, 368 S.W.3d at 525–26. We permit juries to draw multiple reasonable inferences from the facts as long as each inference is supported by the evidence presented at trial. *Hooper v. State*, 214 S.W.3d 9, 15–16 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Merritt*, 368 S.W.3d at 526.

Circumstantial evidence alone may be enough to support a criminal conviction. *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013); *Hooper*, 214 S.W.3d at 13. For circumstantial evidence cases, it is not necessary that every circumstance independently prove guilt; it is enough for a guilty verdict to be "warranted by the combined and cumulative force of all the incriminating circumstances." *Temple*, 390 S.W.3d at 359 (quoting *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)).

In this case, the complainant stated definitively both in her outcry and in court that it was Diaz who had molested her. The complainant testified that she was unable to see Diaz's face in the first incident, but she stated that she could see his hair in the available light. The complainant also heard Diaz speak when he forced her hand down his shorts shortly thereafter. Based on their relationship, the jury rationally could infer that the complainant could identify Diaz based on his voice. In the second incident, the complainant testified that she saw Diaz by the light of the television, and she was certain it was him. The testimony that Diaz had given the complainant money and instructed her to "shush," presumably about his contact with her, was further circumstantial evidence suggesting his guilt.

Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to support Diaz's conviction. The jury was able to assess the credibility and demeanor of the complainant when she testified. *See Hooper*,

6

214 S.W.3d at 16–17. We must defer to the jury's implied assessment of the complainant's credibility. *See Temple*, 390 S.W.3d at 363. The jury inferred from the complainant's testimony and the circumstantial evidence presented that Diaz was guilty of indecency with a child. Because this was a reasonable inference based on the evidence, we conclude that a rational juror could find Diaz guilty beyond a reasonable doubt, and we defer to that resolution. *See Merritt*, 368 S.W.3d at 525.

We overrule Diaz's first issue.

## II. Outcry witness and hearsay

In his second issue, Diaz asserts that the trial court erred by failing to hold a reliability hearing prior to admitting the testimony of the forensic interviewer. Diaz asserts that several of the statements elicited from the interviewer were hearsay, and that the interviewer improperly acted as an outcry witness when Deputy Garza already had been certified in that role.

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing," offered "to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801. Hearsay is inadmissible unless otherwise provided by statute, the rules of evidence, or other rules prescribed under statutory authority.

TEX. R. EVID. 802. As with any other error in admitting or excluding evidence, a party may only claim error in admitting hearsay if the error affected a substantial right of the party, and the party made a timely objection or motion to strike on the record, stating the specific ground. *See* TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1(a).

Certain hearsay statements from children who were the victims of sexual offenses are admissible when they were "made to the first person, 18 years of age or older, other than the defendant" to whom the child made a statement about the offense. *See* TEX. CODE CRIM. PROC. art. 38.072; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). Before such an "outcry statement" can be admitted, the party intending to offer the statement must notify the adverse party, provide the name of the witness, and provide the adverse party with a written summary of the statement. TEX. CODE CRIM. PROC. art. 38.072; *Zarco v. State*, 210 S.W.3d 816, 831 (Tex. App.—Houston [14th Dist.] 2006, no pet.). To admit the statement the trial court must find, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement. TEX. CODE CRIM. PROC. art. 38.072(b)(2); *Garcia v. State*, 228 S.W.3d 703, 706–07 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

In this case, Diaz objected generally before the forensic interviewer's testimony that it would be a redundant outcry statement. It is undisputed that

8

Deputy Garza was properly certified as the outcry witness under the article 38.072 procedure, and he testified before the interviewer. The State replied to Diaz's objection that it did not intend to offer outcry statements from the interviewer. (To the extent the interviewer was not "the first person, 18 years of age or older" to whom the complainant made a statement about the offense, any statements made would not qualify as an outcry statement.) Based on this representation, the trial court overruled the objection and declined to hold a hearing under article 38.072(b). The State does not dispute that the interviewer was not certified as the outcry witness and could not give outcry testimony. The State did not rely on the outcry witness statute in seeking to offer the testimony. We therefore find no error in the court's decision not to conduct an outcry witness hearing. *See Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990) (noting that compliance with the statute is necessary "in order to render the testimony admissible" under Article 38.072).

Diaz's real complaint appears to be that the forensic interviewer made several statements that could be construed as hearsay. Article 38.072 provides one exception to hearsay, but it is not the sole exception to hearsay. *See, e.g.*, TEX. R. EVID. 803. Diaz never made a hearsay objection at trial, nor did he renew his initial objection or explain to the trial court a specific ground for excluding elements of the interviewer's testimony. His sole objection aimed to exclude the entirety of the

interviewer's testimony under the outcry-witness statute, and he failed to object to any specific statement on hearsay grounds. Accordingly, we conclude that Diaz has not preserved error on his claims that the interviewer's testimony contained inadmissible hearsay. *See* TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1(a); *Long*, 800 S.W.2d at 548 (objection must adequately notify the trial court of the basis of the complaint to preserve error).

We overrule Diaz's second issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Higley, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).