

# NUMBER 13-22-00570-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JASON FRANK MOORE, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Jason Frank Moore appeals his conviction on two counts of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). After a trial, a jury found Moore guilty on both counts and sentenced him to two terms of life imprisonment, and the trial court ordered the sentences to run

concurrently. *See id*. § 12.32. In two issues, which we construe as one, Moore argues that the trial court erred in limiting the cross-examination of complainant, E.M., regarding sexual abuse allegations made against her brother. We affirm.

## I. BACKGROUND

Moore was indicted on two counts of aggravated sexual assault of a child, one based on the penetration of E.M.'s mouth by Moore's sexual organ, *see id*. § 22.021(a)(1)(B)(ii), and the other based on the penetration of E.M.'s anus by Moore's finger. *See id*. § 22.021(a)(1)(B)(i). Prior to trial, the State filed a motion in limine seeking to prohibit Moore from making any "arguments, questioning, or comments regarding other alleged sexual abuse suffered by [E.M.] at the hands of someone other than [Moore]. Such arguments, questioning, or comments would be improper under Texas Rules of Evidence 401 and 403." The trial court granted the State's motion as to this issue but permitted defense counsel to re-raise the issue during trial outside the presence of the jury.

The evidence adduced at trial as to this issue shows that E.M., then a junior in high school, first made allegations of abuse to her counselor after attending a school presentation on trauma. The nurse then notified law enforcement, at which point investigator Stephen Nanny of the Aransas County Sherriff's Office met with E.M. to discuss her allegations. E.M. was then forensically interviewed by Arianne Chapa with the Children's Advocacy Center. E.M. composed two handwritten notes alleging the abuse during her separate interviews with Nanny and Chapa, which were admitted into evidence. During trial, defense counsel questioned E.M. outside the presence of the jury and provided an offer of proof as to E.M.'s allegations against her brother. According to

2

the offer of proof and argument made by defense counsel, Nanny's report described an allegation of "sexual assault" made by E.M. against her brother, which was alleged to have occurred when she was ten years old. During the offer of proof, E.M. affirmed that she stated to Chapa that her brother would touch her with her clothes on, would touch her on her legs and thigh, that he held her down at one point, and that nothing else happened afterwards.

Defense counsel argued that E.M.'s allegations against her brother were "contradictory," and exhibit "discrepancies . . . of being sexually assaulted versus touching with the clothes on." The State responded that such testimony was prohibited by Texas Rules of Evidence 401, 412, 608, and 609, and would otherwise be unfairly prejudicial under Rule 403. *See* TEX. R. EVID. 401 ("Test for Relevant Evidence"), 403 ("Excluding Relevant Evidence for Prejudice, Confusion, or Other Reasons"), 412 ("Evidence of Previous Sexual Conduct in Criminal Cases"), and 608 ("A Witness's Character for Truthfulness or Untruthfulness"), and 609 ("Impeachment by Evidence of Criminal Conviction"). After defense counsel's offer of proof, the trial court denied Moore's request to introduce evidence regarding E.M.'s allegations against her brother. The trial resumed and the jury returned a verdict of guilty against Moore on both counts, see TEX. PENAL CODE ANN. § 22.021(a)(2)(B), and sentenced him to two terms of life imprisonment, to run concurrently. *See id*. § 12.32. This appeal followed.

## II.     STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's decision to admit or exclude evidence for an abuse of discretion, including a trial court's decision to limit cross-examination. *See Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Martinez v.*

*State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)); *Lempar v. State*, 191 S.W.3d 230, 236 (Tex. App.—San Antonio 2005, pet. ref'd). "Abuse of discretion occurs only if the decision is 'so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" *Flowers*, 438 S.W.3d at 103 (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)). "We may not substitute our own decision for that of the trial court." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). "We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case." *Id.* (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

The Sixth Amendment Confrontation Clause guarantees a defendant the right to cross-examine witnesses. *See* U.S. CONST. amend. VI; *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000); *see also Pointer v. Texas*, 380 U.S. 400, 403 (1965) (holding that the Sixth Amendment applies to the states through the Fourteenth Amendment). We review Confrontation Clause complaints on "on a case-by-case basis, carefully taking into account the defendant's right to cross-examine and the risk factors associated with admission of the evidence." *Lopez*, 18 S.W.3d at 222 (citation omitted). "In weighing whether evidence must be admitted under the Confrontation Clause, the trial court should balance the probative value of the evidence sought to be introduced against the risk its admission may entail." *Id*. (citation omitted). "The trial court maintains broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence." *Id*. (citation omitted).

"The Texas Rules of Evidence generally prohibit evidence of specific instances of an alleged victim's past sexual conduct in prosecutions for sexual assault." *Lempar*, 191

4

S.W.3d at 238 (citing TEX. R. EVID. 412 (prohibiting evidence of an alleged victim's sexual history unless such evidence is more probative than prejudicial and either rebuts medical evidence offered by the State, proves consent, relates to motive or bias of the alleged victim, constitutes evidence of a crime, or is constitutionally required to be admitted)). However, in certain limited cases, evidence subject to exclusion under the Texas Rules of Evidence may be required to be admitted pursuant to the Confrontation Clause. *See Lempar*, 191 S.W.3d at 239. "While evidence of prior accusations of sexual abuse may be admissible to impeach the credibility of the complainant, there must be a showing that such evidence is probative." *Id*. (citing *Lopez*, 18 S.W.3d at 226). "To be considered probative, there must be evidence that the prior accusations were similar to the accusations in the instant case, and there must be evidence the prior accusations were false." *Id*. (first citing *Lopez*, 18 S.W.3d at 222–23; and then citing *Hughes v. State*, 850 S.W.2d 260, 262–63 (Tex. App.—Fort Worth 1993, pet. ref'd)). Neither the denial of accusations nor the dismissal of charges is sufficient to show falsity. *See Garcia v. State*, 228 S.W.3d 703, 706 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

### III.    DISCUSSION[1]

Evidence regarding A.M.'s allegations against her brother would only be

---

[1] Moore raises two separate issues on appeal, one based on the Confrontation Clause and one on the Texas Rules of Evidence. *See* U.S. CONST. amend. VI; TEX. R. EVID. 412. As to Rule 412, Moore only points to subsections (C) and (E), which permit admission of specific instances of a victim's past sexual behavior if the evidence "relates to the victim's motive or bias," or "is constitutionally required to be admitted." TEX. R. EVID. 412(B)(2)(C), (E). Because resolution of both issues depends on the same predicate showing of probativeness, *see Lempar v. State*, 191 S.W.3d 230, 239 (Tex. App.—San Antonio 2005, pet. ref'd), we consider Moore's issues together. *See, e.g.*, *Wheeler v. State*, 79 S.W.3d 78, 86 (Tex. App.—Beaumont 2002, no pet.) (upholding the exclusion of evidence because appellant did not show the extraneous offense allegations were false or probative, and where "[a]ppellant argued to the trial court, and . . . on appeal, that the . . . testimony was admissible before the jury under TEX. R. EVID. 412, and under the Confrontation Clause of the Sixth Amendment to the United States Constitution"). Further, we assume without deciding that Moore properly preserved error. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim.

admissible if Moore could show the evidence was probative, i.e., similar to the charged conduct and false. *See Lempar*, 191 S.W.3d at 239. Even if we were to assume similarity, Moore's claim fails because, although provided the opportunity to do so, he failed to show that the sexual abuse allegations against A.M.'s brother were false.

The trial court permitted defense counsel to make an offer of proof related to A.M.'s allegations against her brother. *See* TEX. R. EVID. 103(a)(2); *see also Mays v. State*, 285 S.W.3d 884, 889–90 (Tex. Crim. App. 2009) (noting that an offer of proof "may consist of a concise statement by counsel, or it may be in question-and-answer form," and that any such statement by counsel "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible" (cleaned up)). Moore argues that this evidence was admissible because she "recanted" her allegations. We disagree.

A.M. affirmed that she made the allegations against her brother on two separate occasions, but defense counsel failed to provide any evidence indicating that her allegations were false. A.M. was never directly asked if she was recanting the allegations against her brother or if her allegations were otherwise false, and Moore did not provide testimony from any other source touching on the veracity of the extraneous offense allegations. *See Wheeler v. State*, 79 S.W.3d 78, 85 (Tex. App.—Beaumont 2002, no pet.) (finding exclusion of extraneous sexual abuse allegations appropriate where complainant affirmed the truth of the extraneous allegations and the only evidence as to

App. 2005) (requiring that a defendant specifically argue to the trial court that the exclusion of proffered evidence would violate the Confrontation Clause).

6

their falsity was testimony from the alleged perpetrator denying the conduct).

According to Moore, because A.M. first reported to Nanny that her brother "sexually assaulted" her but later suggested to Chapa that her brother's abuse was limited to one instance of touching with A.M.'s clothes on, her allegations were false. *See Lempar*, 191 S.W.3d at 239. However, it is unclear from the record whether A.M. was, in fact, suggesting that she was "sexually assaulted" by her brother to the exclusion of any other form of "sexual abuse," as those terms are particularly defined in the penal code. *See* TEX. PENAL CODE ANN. § 22.011 (prohibiting sexual assault), *id*. § 21.11 (prohibiting sexual contact through clothing and defining such as "indecency with a child"); *id*. § 21.02 (defining "act of sexual abuse" as including both indecency with a child and sexual assault). A.M. agreed with defense counsel that she raised the allegations against her brother on two separate occasions. However, defense counsel did not ask A.M. if she was alleging two separate instances of abuse, did not ask what she understood "sexual assault" or "sexual abuse" to mean, and did not elicit any testimony from her acknowledging the supposed inconsistency.

Regardless, inconsistency alone is not proof of falsity. *See Wheeler*, 79 S.W.3d at 87 (upholding exclusion of evidence where complainant first made a statement denying any prior sexual abuse but later made a statement claiming prior sexual abuse by her older stepbrother, concluding that although her statements were "inconsisten[t]," there was no proof of the falsity of the allegations). Without more, Moore's bare assertion of contradiction or recantation is insufficient to prove falsity. *See id*.; *Lape v. State,* 893 S.W.2d 949, 955–56 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (upholding exclusion of evidence of prior accusations when no evidence was introduced to show that

7

the prior allegations were false, complainant never admitted allegations against other men were false, and no other witnesses testified that the allegations were false); *see also Davis v. State*, No. 03-06-00038-CR, 2007 WL 2274862, at *2 (Tex. App.—Austin Aug. 9, 2007, no pet.) (mem. op., not designated for publication) ("During his trial, the appellant presented no evidence that the complainant's allegations against her father were false or that she had recanted her accusations. Without some evidence demonstrating that the allegations might be false, testimony concerning the complainant's allegations against her father would have been irrelevant to the final determination of the appellant's guilt.").

Because Moore failed to establish that A.M.'s accusations against her brother were false, the trial court did not abuse its discretion by limiting the cross-examination of A.M. regarding those accusations. *See Lempar*, 191 S.W.3d at 239; *Garcia*, 228 S.W.3d at 706 ("Thus, we hold that the trial court did not abuse its discretion because the proffered evidence does not establish falsity. Without proof that the allegation against Juan Castro was false, the evidence would have had no probative value in impeaching V.C.'s testimony and would have served only to unduly prejudice and confuse the jury." (citing *Lopez*, 18 S.W.3d at 222)). We overrule Moore's sole issue.

### IV.    CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of August, 2024.